IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association, | )<br>) Case No. 2:21-cv-2124<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CREATIVE CONSTRUCTION WORKS LLC, and TODD JACKSON, | ) COMPLAINT<br>)<br>) |
| Defendants. | ) |

Plaintiff, BMO Harris Bank N.A., by and through its attorneys, brings this action against Defendants, Creative Construction Works LLC and Todd Jackson, and alleges as follows:

## THE PARTIES

1.Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office, as set forth in its articles of association, located in Chicago, Illinois.

2.Defendant, Creative Construction Works LLC ("Borrower"), is a limited liability company organized under the laws of the State of New York with its principal place of business located at 180 Townline Road, Kings Park, New York. The sole member of Borrower is Todd Jackson, a resident and citizen of the State of Ohio. For jurisdictional purposes, Borrower is a citizen of the State of Ohio.

3.Defendant, Todd Jackson ("Guarantor," and together with Borrower, the "Defendants"), is a citizen of the State of Ohio residing at 109 Riverside Lane, Marietta, Ohio.

## JURISDICTION AND VENUE

4.The parties are of diverse citizenship.

5.The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

1

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. One or more of the Defendants in this action reside within the territorial boundaries of the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims set forth herein occurred within said District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

### The Agreements

9. On or about February 5, 2018, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

10. On or about March 26, 2018, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

11. On or about June 12, 2018, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Third Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount

set forth therein pursuant to the terms thereof. A true and correct copy of the Third Agreement is attached hereto as "**Exhibit C**."

12. On or about August 7, 2018, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Fourth Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Fourth Agreement is attached hereto as "**Exhibit D**."

13. On or about May 21, 2019, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Fifth Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein pursuant to the terms thereof. A true and correct copy of the Fifth Agreement is attached hereto as "**Exhibit E**."

14. From time to time herein, the First Agreement, Second Agreement, Third Agreement, Fourth Agreement and Fifth Agreement, are described collectively as the "Agreements."

15. Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the equipment described therein, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral"). To induce Plaintiff to enter into the Agreements, Guarantor unconditionally guaranteed the present and future performance of Borrower under the Agreements (the "Guaranties"). True and correct copies of the Continuing Guaranties executed by Guarantor dated February 5, 2018,

March 26, 2018, June 12, 2018, August 7, 2018, and May 21, 2019 are attached hereto as "**Exhibit F**."

16. On or about November 5, 2020, Borrower requested a payment deferral on each of the accounts under the Agreements, and Plaintiff granted a two-month deferral for payments under the Agreements. A true and correct copy of the November 5, 2020 correspondence from Plaintiff to Borrower setting for the terms of the deferral (the "Deferral Letter") is attached hereto as "**Exhibit G**."

17. As set forth in the Deferral Letter, Defendants' payment obligations under the Agreements would resume as modified as set forth in the exhibit attached thereto.

18. Under the terms and conditions of the Agreements, failure to make a payment when due is considered an event of default.

**Default by Defendant**

19. Borrower is in default under the Agreements.

20. Specifically, notwithstanding the deferral granted in the Deferral Letter, Defendants failed to resume making payments as they became due under the Agreements.

21. More Specifically, Borrower failed to make the December 5, 2020 payment due under the First Agreement, the December 1, 2020 payment due under the Second Agreement, the December 15, 2020 payment due under the Third Agreement, the December 7, 2020 payment due under the Fourth Agreement, and the December 5, 2020 payment due under the Fifth Agreement. Borrower's defaults under the Agreements are continuing.

22. Guarantor is in default under the Guaranties.

23. Guarantor failed to make payments pursuant to the Guaranties when they became due under the Agreements. Guarantor's defaults under the Guaranties are continuing.

24. Pursuant to the terms of the Agreements, the entire amounts due thereunder have been accelerated. The principal amount due and owing after acceleration totals not less than $382,405.66.

25. Under the Agreements, Borrower is obligated to pay interest on all unpaid amounts at the default interest rate of eighteen percent (18%) per annum or the maximum rate not prohibited by applicable law.

26. Under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

27. Under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

28. Under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

29. Under the Guaranties, Guarantor is obligated to pay Plaintiff all amounts due to Plaintiff by Borrower under the Agreements, without limitation.

30. Calculated as of April 5, 2021, the amount due and owing under the Agreements, not including attorneys' fees and expenses or costs of collection, is an amount not less than $411,813.27.

31. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

32. Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the respective Agreements and the Guaranties.

33. Prior to the filing of this lawsuit, Plaintiff recovered the Collateral. Plaintiff is in the process of determining the best means of mitigating its damages through the sale or other disposition of the Collateral, and upon such disposition will apply the net proceeds thereof (if any) to the amounts due and owing under the respective Agreements.

34. By letters dated April 5, 2021, Plaintiff notified Defendants of its election to accelerate the amount due and owing under the Agreements and made demand upon them to pay the amounts due thereunder. True and correct copies of the letters dated April 5, 2021 are attached hereto as "**Exhibit H**."

35. Despite demand, Defendants have failed and refused to pay the amount due and owing under the Agreements and the Guaranties.

36. The Agreements expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

37. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

### COUNT I - Breach of Contract (Borrower)

38. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

39. Plaintiff has performed all terms and conditions of the Agreements to be performed by Plaintiff.

40. Borrower has not performed under the Agreements on Borrower's part by, among other reasons, failing to make payments under the Agreements when those payments became due.

41. Under the Agreements, Plaintiff is entitled to contractual money damages from Borrower as provided therein.

42. The Agreements provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

### COUNT II - Breach of Contract (Guarantor)

43. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as though fully set forth herein.

44. Plaintiff has performed all terms and conditions of the Guaranties to be performed by Plaintiff.

45. Guarantor has not performed under the Guaranties by, among other reasons, failing to make payments under the Agreements when those payments became due.

46. Under the Agreements and the Guaranties, Plaintiff is entitled to contractual money damages from Guarantor as provided therein.

47. The Agreements and the Guaranties provide that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreements and the Guaranties, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

DATED:  April 29, 2021                    Respectfully submitted,

*/s/ Julie Miceli*
Julie Miceli (OH 0078257)
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone:  (312) 655-1500
Facsimile:  (312) 655-1501
Email:  julie.miceli@huschblackwell.com

*Counsel for Plaintiff BMO Harris Bank N.A.*
*Trial Attorney*