UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BMO HARRIS BANK N.A., a national
banking association,

    Plaintiff,

v.

CREATIVE CONSTRUCTION
WORKS LLC, and TODD JACKSON,

    Defendants.

:

Case No. 2:21-cv-2124
Judge Sarah D. Morrison
Magistrate Judge Chesley M. Vascura

## OPINION AND ORDER

This matter comes before the Court on Plaintiff BMO Harris Bank N.A.'s ("Plaintiff") Motion for Default Judgment (ECF No. 10) against Creative Construction Works LLC ("Borrower"), guaranteed in full by Todd Jackson ("Guarantor") (collectively, "Defendants"). After a thorough review of the record, the Court finds the following:

1.    On April 29, 2021, Plaintiff filed the Complaint (ECF No. 1) in this action and subsequent thereto, duly served Defendants with copies of the Complaint and Summons. (ECF Nos. 5, 6).

2.    Defendants failed to timely answer the Complaint and the Clerk entered default against Defendants on June 16, 2021. (ECF No. 9).

3.    The default concedes the truth of the allegations of the Complaint as to Borrower's liability on all counts brought against it. Fed. R. Civ. P. 8(b)(6); *Bradley v. Miller*, No. 1:10-CV-760, 2013 WL 4504432, at *2 (S.D. Ohio Aug. 22, 2013)

1

(Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). A formal evidentiary hearing is not required to determine the damages amount for purposes of default judgment if damages can be ascertained "from definite figures contained in the documentary evidence or in detailed affidavits." *Bradley*, 2013 WL 4504432, at *2 (citing *Dundee Cement*, 722 F.2d at 1323).

4. As set forth in the Complaint, Plaintiff and Borrower entered into the following agreements (the "Agreements"):

   a. Loan and Security Agreement dated February 5, 2018, by and between Plaintiff and Borrower (the "First Agreement");

   b. Loan and Security Agreement dated March 26, 2018, by and between Plaintiff and Borrower (the "Second Agreement");

   c. Loan and Security Agreement dated June 12, 2018, by and between Plaintiff and Borrower (the "Third Agreement");

   d. Loan and Security Agreement dated August 7, 2018, by and between Plaintiff and Borrower (the "Fourth Agreement");

   e. Loan and Security Agreement dated May 21, 2019, by and between Plaintiff and Borrower (the "Fifth Agreement");

5. As set forth in the Complaint, Plaintiff and Guarantor entered into Continuing Guaranties dated February 5, 2018, March 26, 2018, June 12, 2018, August 7, 2018, and May 21, 2019, executed by Guarantor in favor of Plaintiff (the "Guaranties").

6. Borrower is in default under the Agreements for failure to make payments thereunder when such payments became due.

7. Guarantor is in default under the Guaranties for failure to make payments thereunder when such payments became due.

8. The Complaint alleges claims for money damages against Defendants for the amounts due and owing under the Agreements and Guaranties.

9. Pursuant to the terms of the Agreements, Plaintiff has liquidated certain units of the Collateral securing the debt and has applied the net proceeds therefrom to the outstanding debt.

10. Plaintiff will apply any net proceeds from the sale or disposition of the remaining Collateral to the amount of the judgment granted herein.

11. Plaintiff's monetary damages constitute a sum certain that may be calculated by reference to the applicable contracts and Plaintiff's supporting declarations and other documentation. (ECF No. 10–1, PageID 83–98).

12. Plaintiff's attorney's fees and costs constitute a sum certain that may be calculated by reference to Plaintiff's supporting declarations and other documentation. (*Id.*, PageID 100–07).

13. As required by 50 U.S.C.A. § 3931(b), Plaintiff provides a declaration and supporting documentation establishing that Defendant Todd Jackson is not in military service.

Based on these findings, it is hereby **ORDERED**:

A. Plaintiff's Motion for Default Judgment is **GRANTED**.

B.     Judgment is entered in favor Plaintiff and against Defendants, jointly and severally, as follows:

     i.     For money damages in the amount of $236,959.55 as of July 1, 2021 with interest accruing thereon on the amount of $110.50 *per diem*;

     ii.     For reimbursement of reasonable attorney's fees and costs incurred in the prosecution of this matter in the amount of $9,166.23.

C.     This is a final Order, the terms of which are effective immediately.

D.     Plaintiff shall promptly serve a copy of the Order on Defendants.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**